UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA )
)
)
v. ) (S3) 11 Cr. 12-16 (RMB)
) Sentencing scheduled for:
JOHN BRANCACCIO, ) July 25, 2012
)
Defendant. )
)

---

## SENTENCING MEMORANDUM IN SUPPORT OF A VARIANCE PURSUANT TO 18 U.S.C. § 3553(a)

PRYOR CASHMAN LLP
Attorneys for Defendant
7 Times Square
New York, New York 10036-6569
(212) 421-4100

*Of Counsel:*
Robert W. Ray
Madelon A. Gauthier

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION .................................................................................................................1

    I.   THE PLEA AGREEMENT ........................................................................................1

        A.  THE OFFENSE LEVEL CALCULATION ...................................................2

        B.  THE STIPULATION AND RELEVANT CONDUCT..................................3

        C.  CRIMINAL HISTORY AND CAREER OFFENDER STATUS ..................6

    II.  VARIANCE ARGUMENTS ......................................................................................7

        A.  SECTION 3553(a) FACTORS .......................................................................10

CONCLUSION....................................................................................................................12

## TABLE OF AUTHORITIES

**CASES**                                                                                                **PAGE(s)**

*United States v. Benabe,*
    436 Fed. Appx. 639 (7th Cir. 2011)..................................................................9

*United States v. Chu,*
    183 Fed. Appx. 94 (2d Cir. 2006)....................................................................11

*United States v. Marrone,*
    48 F.3d 735 (3d Cir. 1995)...............................................................................9

*United States v. Minicone,*
    960 F.2d 1099 (2d Cir. 1992)............................................................................9

**STATUTES**

18 U.S.C. § 1962(c) ...............................................................................................1
    § 3553(a).............................................................................................2, 3, 7, 9, 10
    § 3553(a)(1).......................................................................................................10
    § 3553(a)(3).......................................................................................................11
    § 3553(a)(6)..................................................................................................7, 11

28 U.S.C. § 994(h) ................................................................................................

**SENTENCING GUIDELINES**

U.S.S.G. § 2B3.2(a) ...............................................................................................2
    § 4B1.1(b)(3)......................................................................................................3
    § 2D1.1, Application Note 10(D) .......................................................................2
    § 2D1.1(b)(1) ......................................................................................................2
    § 2D1.1(c)(4).......................................................................................................2
    § 3D1.4(a) ...........................................................................................................3
    § 2E1.1, Application Note 4 ............................................................................8, 9
    § 2E3.1(a)(1)(A) .................................................................................................3
    § 3E1.1 ................................................................................................................3

## INTRODUCTION

Defendant John Brancaccio ("defendant" or "Mr. Brancaccio") submits the following sentencing memorandum in support of a variance in order to fashion a just and appropriate sentence and to avoid unwarranted sentencing disparities.

Mr. Brancaccio is scheduled to be sentenced on July 25, 2012, in connection with his acceptance of a global plea agreement and entry of a guilty plea thereunder on April 26, 2012 to Count Two of a ten-count superseding indictment, (S3) 11 Cr. 12.

It is respectfully submitted that Mr. Brancaccio be sentenced within the range of 134-164 months' imprisonment, as explained below, through a substantial sentencing variance taking into account the unusual circumstances of Mr. Brancaccio's stipulated plea agreement, his criminal history, his status as a career offender and 76 months of time previously served on prior state convictions for conduct that is within the ambit of the charged RICO enterprise to which he pleaded guilty.

### I.   THE PLEA AGREEMENT

On April 26, 2012, Mr. Brancaccio pleaded guilty before Your Honor to Count Two of Superseding Indictment (S3) 11 Cr. 12 charging him and others with a substantive RICO offense under Title 18, United States Code, Section 1962(c). In accordance with a plea agreement with the Government stipulating certain facts as "relevant conduct", the defendant specifically allocuted to conduct in support of the charged racketeering enterprise including 1) Racketeering Act Two, cocaine trafficking; 2) Racketeering Act Three, marijuana trafficking; 3) Racketeering Act Nine, extortion conspiracy; and 4) Racketeering Act Five, illegal gambling business.

At an initial plea hearing before Your Honor held on April 24, 2012, Mr. Brancaccio rejected on the record the Government's original plea agreement which required him to stipulate

1

to certain less onerous criminal conduct (as explained below), but also explicitly contained a provision which precluded him from making any variance or departure arguments at the time of sentencing. Two days later (and eight days after the filing of the third Superseding Indictment; five days after arraignment on that instrument), Mr. Brancaccio then accepted the Government's modified plea offer as part of a global plea agreement with his five remaining co-defendants which now included a provision allowing him to seek and argue for a sentencing variance outside of the stipulated guidelines range pursuant to the factors set forth in Title 18, United States Code, § 3553(a). This revised plea agreement notably was subject to an enhanced offense level stipulation which required Mr. Brancaccio to acknowledge as "relevant conduct" criminal acts done by himself and others of greater severity than the earlier plea agreement and which resulted in a substantial boost of his sentencing range under the Guidelines from 188-235 months' imprisonment to 210-240 months' imprisonment, the latter range being capped at the statutory maximum of 20 years (or 240 months).

### A.  THE OFFENSE LEVEL CALCULATION

From Count Two, Racketeering Acts Two and Three, Mr. Brancaccio specifically stipulated to combined quantities of marijuana (999 kilograms) and cocaine (10 kilograms) for a total amount of drugs equivalent to 2,999 kilograms of marijuana, pursuant to the drug equivalency table found at U.S.S.G. § 2D1.1, Application Note 10(D). Thus, the plea agreement resulted in a base offense level of 32, pursuant to U.S.S.G. § 2D1.1(c)(4). Under U.S.S.G. § 2D1.1(b)(1), the offense level was further increased by 2 levels due to possession of a firearm. Thus, the adjusted offense level for the underlying combined drug racketeering acts is 34.

With regard to Count Two, Racketeering Act Nine, pursuant to § 2B3.2(a), Mr. Brancaccio's conduct in the extortion conspiracy warranted a base offense level of 18. The base

2

offense level then increased by a total of 9 levels because the conduct involved the threat of bodily injury, brandishing of a firearm and an extorted amount between $50,000-$250,000. Thus, the adjusted offense level for this underlying Racketeering Act Nine is 27.

In Count Two, Racketeering Act Five, pursuant to § 2E3.1(a)(1)(A), Mr. Brancaccio's sports betting and other gambling conduct results in a base offense level of 12.

Pursuant to U.S.S.G. § 3D1.4(a), after performing the grouping analysis required by the Guidelines, an additional 1.5 units results with a corresponding increase of Mr. Brancaccio's offense level by one level to 35.

As a consequence of Mr. Brancaccio's acceptance of responsibility as stated in the Presentence Report ¶ 94 ("PSR"), a three-level reduction pursuant to § 3E1.1 yields a final adjusted offense level of 32 and a sentencing range under the Guidelines of 210-240 months' imprisonment.

Pursuant to § 4B1.1(b)(3), Mr. Brancaccio's otherwise applicable sentencing range under the Career Offender provisions of the Guidelines would have been 151-188 months, at Criminal History Category VI and adjusted offense level 29 (with credit for acceptance of responsibility). However, because the stipulated range is higher, the stipulated calculation forms the Guidelines sentencing range.

### B. THE STIPULATION AND RELEVANT CONDUCT

Mr. Brancaccio is held to account under the stipulations in his plea agreement for his own conduct and that of his co-defendants, as he rightly acknowledges and accepts. But these activities, which count towards his own "relevant conduct", result in a steep enhancement and a disparate sentence given Mr. Brancaccio's relative role in the charged criminal organization, *i.e.* the Gambino organized crime family.

3

The effect of the enhanced offense level stipulation together with his prior criminal record is in essence "double counting" of conduct in support of the RICO enterprise principally because virtually the entirety of Mr. Brancaccio's prior criminal conduct, for which he has served a total of 76 months in state prison, was for a crime of violence (a 1994 felony assault and a 2005 felony narcotics charge) and multiple misdemeanor (or otherwise low-level) narcotics trafficking crimes, which are within the ambit of the instant RICO enterprise and conspiracy charged in Count One of the Superseding Indictment.

The relevant conduct which he stipulated to anomalously places Mr. Brancaccio in a category that is higher than those who directed and supervised the enterprise. This results in an artificially high sentencing range because Mr. Brancaccio is essentially "taking the hit" for conduct of others as well as his own conduct.

In contrast to the likes of co-defendants Corozzo, Trucchio, Froggiero, LaBarca, Roccaforte, and Mastrangelo, and several others who are either made members, about-to-be-made members or otherwise in positions of leadership, authority or trust within the enterprise, Mr. Brancaccio by all accounts was on the periphery of the Gambino organized crime family. However, as a result of his stipulation, he is being held responsible for these large quantities of drugs distributed by his co-conspirators and is receiving a substantial boost in his sentencing range which is disproportionate to that of his co-defendants. While Mr. Brancaccio acknowledges that his status as a career offender and his prior record warrant an enhanced sentence, his relative position as a mere associate of the enterprise should only carry so far to a

sentence that is fair and reasonable and not greater than necessary to account for his relative role in the enterprise dating back over 25 years.

The enhancements which he stipulated to, and which principally relate to the conduct of others in the Gambino organized crime family, lead to a portrayal of Mr. Brancaccio as a much more serious offender than he actually was. Mr. Brancaccio's relevant criminal acts are not ones of extreme violence such as the murder of Martin Bosshart. While Mr. Brancaccio did possess weapons in his home to protect himself and others residing therein, he was not prepared to commit acts of physical violence outside of the home or even to risk carrying a gun while out on the street. He had learned that lesson as the result of his 1994 conviction for felony assault with a weapon. Indeed, the recordings of Mr. Brancaccio in this case indicate, in his words, that "I can't afford to get pulled over with a pistol and get ten years." 09/04/09 Tr. [Track 1] at p. 15. Mr. Brancaccio was a low-level narcotics trafficker who possessed and distributed predominately personal use quantities of narcotics and, therefore, was engaged in criminal activities that do not reach to the level of a wholesale drug distributor. And, while Mr. Brancaccio has acknowledged the threats of violence used to commit extortion, his conduct is a far cry from conspiracy to murder, as committed by his co-defendant Todd LaBarca. Nevertheless, Mr. Brancaccio is facing among the most serious sentences of all of the defendants in this twenty-two defendant case, second only to LaBarca whose sentence is capped at 23 years for the Bosshart murder. Viewed in light of his relative culpability, Mr. Brancaccio's guidelines range of 210-240 months,

given that the vast majority of the other defendants in the case have been sentenced to or are facing not more than 120 months,[1] otherwise results in a disproportionate sentence.

## C. CRIMINAL HISTORY AND CAREER OFFENDER STATUS

Mr. Brancaccio's criminal history score is largely determined based upon conduct for which he has already served time and which is within the scope of the RICO enterprise. Mr. Brancaccio has 13 criminal history points which are calculated from arrests and conduct over the last 24 years. This places him in Criminal History Category VI. Mr. Brancaccio's prior convictions place him in Category VI either as a result of the operation of the Career Offender provisions of the Guidelines or the assessment of criminal history points, as calculated by the Probation Office. Either way, all or practically all of these prior convictions constitute "relevant conduct" relative to the instance offense under RICO; and these activities, which date back to the late 1980's and 90's, for which he has already served time, lead to a "double counting" in his sentencing range.

The combination of Mr. Brancaccio's stipulated offense level plus his criminal history category of VI is what increases defendant's guidelines calculation to a sentencing range at or near the statutory maximum. *See* 28 U.S.C. §994(h) (reserving for career offenders sentences "at or near the maximum term authorized"). While this might normally be warranted, in this case, the defendant's criminal history includes crimes for which he has already served time. A

---

[1] Co-defendant Frank Bellantoni was sentenced by Your Honor to 33 months on June 13, 2012; Christopher Colon was sentenced to 95 months on June 4, 2012; Michael Khutenia was sentenced to 33 months on May 22, 2012; Anthony Moscatiello was sentenced to 43 months on May 30, 2012; Michael Roccaforte was sentenced to 118 months on May 30, 2012; Louis Mastrangelo was sentenced to 41 months on March 8, 2012; Michael Russo was sentenced to 21 months on December 19, 2011; Frank Roccaforte was sentenced to 46 months on December 13, 2011. Co-defendant Alphonse Trucchio is facing a sentencing range of 97-121 months; Vincenzo Frogiero is facing a sentence of 18 months; and Robert Napolitano is facing a sentencing range of 41-51 months.

6

sentence at the statutory maximum does not make sense particularly because Mr. Brancaccio is on the periphery of responsibility for the activities of the Gambino organized crime enterprise; is not a made member; is not a trusted associate; and does not have a leadership, operational or other supervisory role in the enterprise. Yet now, this defendant is facing the second most severe sentence in the case. While Mr. Brancaccio is accountable under guideline principles for the conduct of others and has rightfully stipulated to such as a consequence of his participation in the affairs of the enterprise, he should not be sentenced more severely than necessary under the § 3553(a) sentencing factors.

## II.   **VARIANCE ARGUMENTS**

The Court should fashion an appropriate sentence that considers the steep price Mr. Brancaccio paid by stipulating to his own conduct, and that of others. The reason for such consideration is that Mr. Brancaccio has served time for conduct that otherwise is also a part of the charged RICO enterprise. As an adjustment for relative culpability, we respectfully submit that Mr. Brancaccio be credited for the 76 months' time he has already served. The legal basis for this variance, as described more fully below, is the need to avoid unwarranted disparities among defendants under § 3553(a)(6). Thus, defendant respectfully submits that a sentence within the range of 134-164 months' imprisonment is both reasonable, appropriate and avoids unwarranted sentencing disparities with his co-defendants.

Variance may be appropriate where the ordinary application of the Guidelines results in a double counting. To equalize this disparity, and to address Mr. Brancaccio's unique circumstances, it is appropriate for this Court to consider in applying the § 3553(a) sentencing factors whether Mr. Brancaccio's criminal history score over-represents the seriousness of his prior criminal conduct given that it includes conduct related to the offense of conviction for

which he has already served time in prison. Mr. Brancaccio specifically requests that this Court take into consideration the 76 months already served under these related offenses which are also within the scope of the RICO conspiracy. Otherwise, he will in effect be punished twice for conduct under RICO resulting in prior convictions for which he has already served time.

Notably, Mr. Brancaccio is permitted to make this very argument at sentencing because he rejected the initial plea agreement which had foreclosed and prevented him from making such a variance application. In doing so, however, he voluntarily stipulated to an enhanced sentencing guidelines range in order to preserve his ability to apply for a variance.

The Guidelines recognize that a strict application of the RICO guidelines and specifically a defendant's criminal history calculation may produce, in an exceptional case, an "anomalous result". Because of the unique and sweeping purview of RICO, convictions forming the "pattern of racketeering" under the statute which are allocated as prior conduct, in addition to being applied towards the instance offense, may result in such an enhanced sentencing range that may warrant, in specific situations, a guidelines departure. *See* U.S.S.G. § 2E1.1, Application Note 4:

> Certain conduct may be charged in the count of conviction as part of a "pattern of racketeering activity" even though the defendant has previously been sentenced for that conduct. Where such previously imposed sentence resulted from a conviction prior to the last overt act of the instant offense, treat as a prior sentence under 4A1.2(a)(1) and not as part of the instant offense. This treatment is designed to produce a result consistent with the distinction between the instant offense and criminal history found throughout the guidelines. *If this treatment produces an anomalous result in a particular case, a guideline departure may be warranted.*

*Id.* (emphasis supplied).

Indeed, this comment and the resulting anomaly have been raised by defendants and courts recognizing that a basis for downward departure may exist where the prior convictions (used, in part, to charge the pattern of racketeering activity) are then also counted in the criminal

8

history computation.[2] *See, e.g., United States v. Marrone*, 48 F.3d 735 (3d Cir. 1995). In *Marrone*, the defendant argued that because his previous bribery conviction was included as a predicate act, as part of the instant RICO offense, it should have been precluded from forming the basis of his criminal history point calculation. *Id.* at 737. While disagreeing that the prior conviction was improperly treated as part of the criminal history, the Court examined Application Note 4 and cited a prior Second Circuit decision recognizing the same authority and which upheld the application of a RICO defendant's prior conviction only toward his criminal history calculation and not towards the base level for the instant RICO offense. *Id.* at 738-39 (citing *United States v. Minicone*, 960 F.2d 1099, 1111 (2d Cir. 1992)). In *United States v. Benabe*, the Seventh Circuit held that the district court correctly recognized, though did not abuse its discretion in failing to grant, the authority for a downward departure under a similar double-counting argument where the defendant's six criminal history points were assigned from his prior firearm and cocaine convictions and also used to establish the pattern of racketeering. *United States v. Benabe,* 436 Fed. Appx. 639, 661 (7th Cir. 2011). That departure argument under § 2E1.1, App. Note 4, as made in pre-*Booker Benabe*, is now an available basis for variance under § 3553(a).

As applied in Mr. Brancaccio's case, where sentences for prior conduct committed in furtherance of the criminal enterprise, which also implicate the defendant's criminal history,

---

[2] This disproportionate result under RICO is illustrated by a comparison of a defendant charged with prior relevant conduct as part of a RICO enterprise, but who has not served time for such activities, with a defendant who happened to serve time for that same relevant conduct under RICO and is now subject to a further enhanced criminal history calculation.

9

create an anomalous result, variance may be appropriate. Because the Guidelines themselves recognize such a "double counting" may not be warranted, in the exceptional case, the Court retains the authority post-*Booker* to remedy any unwarranted sentencing disparity resulting from Mr. Brancaccio's criminal history calculation by varying from the stipulated Guidelines range.

Adding to this apparent over-representation of his criminal history while at the same time boosting him into an even higher offense level, Mr. Brancaccio's prior convictions for felony and misdemeanor narcotics offenses largely personal use quantities of cocaine and marijuana, not wholesale quantities indicative of enterprise-level narcotics trafficking. Thus, Mr. Brancaccio's own conduct did not account for the stipulated quantity of 10 kilograms of cocaine and 999 kilograms of marijuana. These amounts involved the conduct of others for which he is held responsible as a consequence of what was reasonably foreseeable to him as the result of his participation in the affairs of the enterprise.

### A. SECTION 3553(a) FACTORS

The sentence imposed on Mr. Brancaccio should be "sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), to satisfy the goals of sentencing reflecting both the seriousness of the offense and providing just punishment, but also avoiding unwarranted sentencing disparities. *Id.* While Mr. Brancaccio acknowledges the severity of his crimes, the recommended sentence of 210-240 months is much greater than necessary to achieve these goals and results in an unwarranted sentence disparity with his co-defendants, many of whom had far greater leadership and operational responsibility positions in the organized crime enterprise.

In addition, in fashioning an appropriate sentence, the Court must consider the history and characteristics of the defendant, as well as the kinds of sentences available. 18 U.S.C. § 3553(a)(1), (3) & (6).[3] Mr. Brancaccio respectfully submits that his specific characteristics and his life and legitimate work away from the criminal enterprise, as described in the PSR and in taped conversations, is worthy of consideration. Mr. Brancaccio operated on the periphery of the Gambino crime family enterprise and held down legitimate jobs while actively limiting his involvement with the activities of the enterprise. He was far from a trusted associate or "made" member of the Gambino family reaping substantial financial or other benefits as the result of their activities. Indeed, he had major substance abuse problems during this time which he tried to correct, and as soon as completing a drug treatment program following release from imprisonment, became a member of the Construction and General Building Laborers Local 79 and worked legitimate construction jobs from 2008 until the time of his arrest. PSR ¶¶ 152, 157.

In short, Mr. Brancaccio has attempted to make a legitimate life for himself but without success. He speaks candidly about these struggles on the tape recordings and describes how he has held down jobs but still cannot make ends meet: "[T]he workin' ain't workin' either.... [W]hen I work, I don't make enough...." 9/04/09 Tr. [Track 1] p. # 12. This is a defendant who has no savings, no expensive car, and who sadly admits that he is about to lose his house to foreclosure. PSR ¶¶ 168,143. He does not even have sufficient means to retain counsel in this current case. This is not a man who is 'living high' on the Gambino family. Mr. Brancaccio is also someone who cares deeply for his ten-year old son and speaks of his concern for the future

---

[3] Indeed, Your Honor has previously considered application of the § 3553(a) sentencing factors in the context of relative culpability to avoid unwarranted sentencing disparities among co-defendants with similar "relevant conduct" and granted a significant variance below the otherwise applicable Guidelines range which was upheld on appeal. *United States v. Chu*, 183 Fed. Appx. 94 (2d Cir. 2006).

11

of that relationship. 09/04/09 Tr. [Track 1], p. 8; PSR ¶¶ 140, 141. A Guidelines sentence of 210-240 months is one which will exclude Mr. Brancaccio from his son's entire adolescence. The "history and characteristics" of Mr. Brancaccio – a low-level narcotics trafficker on the periphery of the enterprise who struggled financially – are factors which further warrant the consideration in mitigation and speak volumes of the chasm between Mr. Brancaccio and his more culpable co-defendants. Simply stated, a sentence at or near the statutory maximum of 20 years under the Guidelines is disproportionately long.

## CONCLUSION

Mr. Brancaccio respectfully submits that the Court permit a substantial sentencing variance to appropriately take into consideration his highly consequential stipulation, the nature of his prior convictions and 76 months of time already served for criminal conduct that was part of the RICO enterprise. A variance will alleviate the double counting resulting from the RICO enterprise and it will accurately reflect the severity of his criminal activities. Mr. Brancaccio respectfully submits that a sentence of 210-240 months is excessive and disproportional as compared to those imposed on his co-defendants, and greater than necessary to reflect properly the defendant's guilt and in light of the particular and unique circumstances presented here.

For the foregoing reasons, defendant John Brancaccio therefore respectfully requests that this Court impose a sentence within the range of 134-164 months.

Dated: New York, New York
      July 9, 2012               PRYOR CASHMAN LLP

                                      By: _____/s/ Robert W. Ray_____

                                      Robert W. Ray
                                      Madelon A. Gauthier
                                      7 Times Square
                                      New York, New York 10036-6569
                                      (212) 421-4100
                                      *Attorneys for Defendant John Brancaccio*