UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | (S3) 11 Cr. 12-16 (RMB) |
| ) | Sentencing scheduled for: |
| JOHN BRANCACCIO, ) | September 20, 2012 |
| ) | |
| Defendant.  ) | |
| ) | |

**REPLY SENTENCING MEMORANDUM IN SUPPORT OF A
VARIANCE PURSUANT TO 18 U.S.C. § 3553(a)**

PRYOR CASHMAN LLP
Attorneys for Defendant
7 Times Square
New York, New York  10036-6569
(212) 421-4100

*Of Counsel:*
  Robert W. Ray
  Madelon A. Gauthier

# INTRODUCTION

Defendant John Brancaccio ("defendant" or "Mr. Brancaccio") submits the following reply memorandum in response to the Government's sentencing memorandum, dated July 13, 2012.

## I. RELEVANT CONDUCT

Mr. Brancaccio submitted a memorandum respectfully requesting a variance that his sentence reflect the 76[1] months of time served on previous convictions because as those convictions were applied to elevate his criminal history score and also constituted "relevant conduct" relative to the instant racketeering offense to which he pleaded guilty, they were effectively double counted and resulted in a substantial enhancement of his offense level and sentencing guidelines calculation. Mr. Brancaccio submits this reply to oppose the Government's contention that certain of his prior convictions were unrelated to the Gambino family enterprise and did not form part of the "relevant conduct" of the instant racketeering charge.

The following lists Mr. Brancaccio's prior convictions for which he served time and that, as presented in his sentencing memorandum and explained more fully below, do in fact form part of the "relevant conduct" to the racketeering enterprise charge and are the basis for his variance application. *See* Def's Sent. Memo. pp. 6-10.

- 2005.  Criminal Sale of Controlled Substance in the 5th degree.  *See* PSR ¶ 123.
  Queens County Supreme Court
  Incarcerated:  3/08/06[2] - 6/21/07
  Time Served:  15 months

---

[1] Mr. Brancaccio's memorandum of law initially calculated a total of **76** months' of imprisonment.  However, that computation omitted one complete month of time Mr. Brancaccio served for the 1993 assault, running from 6/20/94-11/25/98, which results in a correct total of **77** months as stated in this reply memorandum.

[2] PSR ¶ 123 notes that Mr. Brancaccio's incarceration commenced on 3/08/**05**.  This is a typographical error and should read 3/08/**06** as Mr. Brancaccio did not plead guilty until 9/28/05.

1

- 2002. Criminal Possession of Marijuana in the 4th degree. *See* PSR ¶ 121.

    Queens County Criminal Court

    Incarcerated:  12/02/09 (Sentenced to 9 months)

    Time Served:   9 months

- 1993. Assault with Intent to Cause Injury With a Weapon.

    Queens County Supreme Court

    Incarcerated: 6/20/94 - 11/25/98

    Time Served:  53 months

    - Parole violation for possession and use of marijuana.[3]

        Incarcerated: 3/24/00 – 6/27/00

    **Total Time Served**:  **77 months** (excluding 3 month parole violation)

It is Mr. Brancaccio's contention that these 77 months of time already served were for convictions which constitute "relevant conduct" to the Gambino enterprise RICO conspiracy to which he has pleaded guilty and should be contemplated and credited under a variance argument to result in an appropriate sentence of 134-164 months.  The Government counters that this "argument fails, first of all, because he pre-supposes in conclusory fashion that his prior convictions were connected to the racketeering enterprise charged here." *See* Gov't Sent. Memo, p. 5.  The Government then  presents a "threshold question" as to of whether each of his prior sentences is related to the Gambino enterprise and charges Mr. Brancaccio with failing to explain how these "crimes had anything to do with the Gambino Organized Crime Family." *Id.*  It then concludes erroneously that the 1993 assault for which Mr. Brancaccio served 53 months, is unrelated to the Gambino family enterprise. *Id.*

---

[3] The Government erroneously states that Brancaccio was remanded for three months in 2000 on a parole violation for committing another assault in the first degree.  *See* Gov't Sent. Memo p. 2.  However, as correctly noted in PSR ¶ 120, the parole violation was for possession and use of a personal use quantity of marijuana.  Mr. Brancaccio was violated while on probation for the underlying assault not because of an additional assault.   In any event, Mr. Brancaccio is not arguing for inclusion of this three months' imprisonment as part of his variance argument and 77 months' credit.

**II. 1993 ASSAULT**

Contrary to the Government's contention that the 1993 assault "has nothing whatsoever to do with the Gambino [Organized Crime] Family, or with any of the crimes charged here," that assault was carried out at the behest of a known Gambino Crime Family associate (Kevin Gentle), was motivated by the Gambino Family's criminal activities (the Trucchio crew's auto theft enterprise), and indeed included a Gambino associate (Salvatore Aiello) as a participant and co-defendant in the crime.  In order to provide the Government and the Court with background to support this argument and to correct the record, a complete explanation of that 1993 assault is warranted and detailed below.

In October 1993, Mr. Brancaccio committed the assault over a dispute concerning a vehicle, as correctly stated by the Government, but it was not simply due to Mr. Brancaccio's anger at Robert Cotrone for money owed or because the vehicle turned out to be stolen as the Government contends.  As described by Mr. Brancaccio in transcripts of recorded conversations provided by the Government in this case, Mr. Brancaccio relates that Kevin Gentle, a known Gambino Family associate from Woodhaven and currently in jail, was the impetus for the 1993 assault:

> "Kevin sold me that Mercedes and I said, who was my client.  I said, Kevin, there's nothing wrong with the car?  No, there's nothing with the car.  But he wanted to get in good with Bart and those fuckin' guys and he fuckin'… and he knew the fuckin' car was a fuckin' ah … welded in half fuckin' car.
> (UI)
> "He should have just told me, John …"
> (UI)
> "You know I … I needed a … I want twelve for it.  I'll give you twelve for it.  I give him twenty five thousand dollars.  When I found out what was up with the car you know its … I'm … and that's disgusting.  And that mother fucker he was my friend and tried to kill me.  Now on my father, he tried to kill me for fuckin' Bart and now he's in jail and he gotta …"
> (UI)

9/04/09 Tr. [Track 2], pp. 11-12.

Kevin Gentle is a known Gambino Family associate from Woodhaven, Queens and is connected to Peter Zuccaro and Johnny Alite, two well-known associates of the Trucchio crew who are now cooperating with the Government's investigation of the Gambino Family. The Trucchio crew, also called the "Ozone Park Boys," has been responsible for criminal activities including narcotics trafficking, extortion, sports betting, auto theft, and "chop shop operations."

While the Government's submission is correct in that Robert Cotrone and another female bystander were victims of that assault involving a stolen car, what is not mentioned is that Brancaccio's assault was directed by Gentle to ingratiate himself with Trucchio crew members Zuccaro and Alite:

> "Yeah? He's gotta sit there and sit in jail and I say, you know, when I talk to people that … that know real (UI) I said, he's gotta sit there now and say, John was my friend. I was gonna fuckin' kill him for this cocksucker. Now this cocksucker ratted now, what the fuck. I ... I feel like writing and saying, how do you feel now mother fucker? You know ... how do you feel. I was your ... the first person I ever shot was for him because he couldn't do it. And he was in the car, I can't do it. And I says, give me the gun. And I got out and I did it."

9/04/09 Tr. [Track 2] pp. 11-12.

Cementing the connection of this crime to the Gambino enterprise operations is the fact that Salvatore Aiello, a Gambino Family associate, was also in the car with Mr. Brancaccio at the time of the assault. Indeed Aiello was named as Mr. Brancaccio's co-defendant in the indictment provided by the Government in Exhibit B of its submission.

Contrary to the assertion that it has not mentioned this assault within the "thousands of pages of documents contained in the Government's voluminous discovery," (Gov't Sent. Memo, p. 6) the details of the 1993 assault and explanation of its connection to the Gambino Family enterprise were provided by the Government's own transcripts. Mr. Brancaccio was with Aiello; he carried out the assault over a "chop shop" car for Gentle who was trying to impress Zuccaro and Alite. Gentle, Aiello, Alite, and Zuccaro were all Gambino Family and/or Trucchio crew

4

associates and connected to the Gambino Family enterprise, and involvement in this 1993 assault for which Mr. Brancaccio was convicted, is clear. Furthermore, Ronald and Alphonse Trucchio were prosecuted on a 36-count enterprise corruption indictment in 2002 brought by the Queens District Attorney together with 17 other co-defendants, including Aiello, Frank Roccaforte, Anthony Russo and Anthony Moscatiello. Many of these same individuals are common players in the present racketeering enterprise and are co-defendants in the instant Indictment with Brancaccio.

Mr. Brancaccio's conviction for the 1993 Queens assault and his time served was clearly in connection with the Gambino Family criminal enterprise. Contrary to the Government's contention, Mr. Brancaccio most assuredly did not attempt to force this "completely unrelated crime into the case here so that he might receive a substantial discount for time previously served on an unrelated case." *See* Gov't Sent. Memo, p.6. Now that the Government's mistaken contention is corrected, the 1994 conviction supports Mr. Brancaccio's double counting variance argument as a prior conviction that constitutes "relevant conduct" for the RICO enterprise and which also is counted in determining his criminal history category and his status as a career offender.

Indeed, because the Government agreed in its submission that Mr. Brancaccio's 2002 and 2005 narcotics convictions – which it conceded were related to the instant offense and the Gambino enterprise – it must now also agree that Mr. Brancaccio's assault conviction should be considered in support of his variance argument. With the 1993 assault clearly confirmed as in support of the Gambino Family enterprise, there is no reason why this conviction, and the 53 months of incarceration, should not also be credited as "time served" to the instant offense and as part of the charged RICO enterprise.

### III.  3553 FACTORS

In furtherance of Mr. Brancaccio's relative culpability argument, we also write to update and correct the record of certain co-defendants' sentences cited in defendant's submission. Todd LaBarca was sentenced to 270 months on July 12; Vincenzo Frogiero was sentenced to 30 months on July 12 (and did not face 18 months as incorrectly stated in defendant's initial sentencing memorandum, n.1); Salvatore Accardi is facing a sentencing range of 21-27 months; and Salvatore Tortorici is facing a sentencing range of 70-87 months.

As a final point, it bears specific mention that Mr. Brancccio is 45 years old. Even crediting Mr. Brancaccio for time served on his prior related state convictions, the defendant's recommended sentencing range of 134-164 months still would result in a sentencing range significantly in excess of ten years. Such a sentence will have Mr. Brancaccio incarcerated well into his mid-fifties. Any sentence beyond this and approaching the statutory maximum of 20 years (240 months) is excessive and disproportional, as compared to all of his co-defendants save one (LaBarca), and is greater than necessary to properly reflect his relative role in the enterprise.

For the foregoing reasons, and the arguments submitted in his initial sentencing memorandum, defendant John Brancaccio therefore respectfully requests that this Court impose a sentence within the range of 134-164 months.

Dated: New York, New York
       July 24, 2012       PRYOR CASHMAN LLP

              By: _____/s/_____

              Robert W. Ray
              Madelon A. Gauthier
              7 Times Square
              New York, New York  10036-6569
              (212) 421-4100
              *Attorneys for Defendant John Brancaccio*