UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

   -v-          :

                            11 Cr. 12 (RMB)

JOHN BRANCACCIO,          :

                       :

        Defendant.

                       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### GOVERNMENT'S SENTENCING MEMORANDUM – DEFENDANT JOHN BRANCACCIO

The Government respectfully submits this memorandum in advance of the sentencing of defendant John Brancaccio, which is scheduled for September 25, 2012, and in response to Brancaccio's reply memorandum dated July 24, 2012.

In his initial motion dated July 9, 2012, Brancaccio sought a sentencing reduction of 76 months (later amended to 77 months) because he served time on a 1993 assault conviction (totaling approximately 57 months) and on a series of prior narcotics convictions (totaling approximately 20 months).

The Government, in a response dated July 13, 2012, argued that the 1993 assault was not sufficiently related to the crimes of conviction here, and therefore should not be the basis for a sentencing reduction.  The Government agreed, however, that Brancaccio's prior narcotics trafficking convictions were sufficiently related to the crimes of conviction here, and therefore can be considered by this Court at sentencing.

In a reply memorandum dated July 24, 2012, Brancaccio argues that his 1993 assault conviction was in fact related to the Gambino Family, and, hence, he is entitled to a reduction of 57 months – more than 25% of stipulated his Guidelines range of 210 to 240

months.

First, Brancaccio has not provided the Court with an adequate factual record to support his claim that the 1993 assault is related to the crimes of conviction here. Brancaccio relies on unsworn assertions by his attorney in his brief to describe the events at issue and to characterize certain tapes. If Brancaccio wants to support his claim of relatedness with competent evidence – sworn testimony from himself, or others – he certainly may do so at a hearing before the Court.

Even assuming for the sake of argument that Brancaccio's account of the 1993 assault is correct – that is, even assuming that the assault was related to the Gambino Family, writ large – he is not entitled to a sentencing reduction here because, quite simply, he has not pled to any actual crime here that relates to the assault. It is crucial to note that Brancaccio has pled guilty here only to a substantive racketeering charge (Count Two), and not to the broadly-framed racketeering conspiracy charge (Count One). Many defendants in the case here pled to both the specifically-delimited substantive racketeering charge, and to the broader racketeering conspiracy charge; Brancaccio, however, only pled guilty to the former, narrower charge.

The substantive racketeering charge to which Brancaccio pled is specifically defined – in both the Indictment itself (Indictment ¶¶ 19, 21, 22, 24, 28) and the Plea Agreement (Plea Agreement at 1) – as being comprised, in its entirety, of the following four substantive racketeering acts: (1) Racketeering Act Two, cocaine trafficking; (2) Racketeering Act Three, marijuana trafficking; (3) Racketeering Act Nine, extortion conspiracy; and (4) Racketeering Act Five, operating an illegal gambling business (sports betting). Two of those substantive racketeering acts – cocaine trafficking and narcotics trafficking – are fairly taken as relating to

Brancaccio's prior narcotics trafficking convictions.  Thus, the Government has agreed with

Brancaccio that those prior narcotics sentences may be considered by the Court here.  None of

those four racketeering acts, however, has anything whatsoever to do with the 1993 assault.  It is

not enough for Brancaccio to argue that the 1993 assault may have had something to do with the

Gambino Family, in a general, overarching sense; he must show some relation to the actual

crimes of conviction here – cocaine trafficking, marijuana trafficking, extortion conspiracy, and

illegal gambling, all committed in connection with the Gambino Family.  Put otherwise, it is

necessary, but not sufficient, for Brancaccio to establish that the assault had some relation to the

Gambino Family.  He must establish that relationship to the enterprise, plus more – a relationship

to the actual crimes of conviction.

Thus, Brancaccio should receive no sentencing reduction based on the 1993

assault conviction.


Respectfully submitted,

PREET BHARARA
United States Attorney
Southern District of New York



By:      _____/s/_____
Elie Honig / Daniel P. Chung / Natalie Lamarque
Assistant United States Attorneys
(212) 637-2474 / 2417 / 2206