UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA )
)
)
v. ) (S3) 11 Cr. 12-16 (RMB)
) Sentencing scheduled for:
JOHN BRANCACCIO, ) September 20, 2012
) 2:30 p.m.
Defendant. )
)

---

## SUPPLEMENTAL SENTENCING MEMORANDUM IN SUPPORT OF A VARIANCE PURSUANT TO 18 U.S.C. § 3553(a)

PRYOR CASHMAN LLP
Attorneys for Defendant
7 Times Square
New York, New York 10036-6569
(212) 421-4100

*Of Counsel:*
    Robert W. Ray
    Madelon A. Gauthier

Defendant John Brancaccio respectfully submits this supplemental memorandum in response to the Government's most recent sentencing submission, dated July 30, 2012.

## INTRODUCTION

The Government contends that because Mr. Brancaccio has not pleaded guilty to any crime that relates to his 1993 assault, he is not entitled to a sentencing variance for that prior conviction for which he served 57 months. The Government further argues that the 1993 assault somehow is not related to the RICO offense of conviction because Mr. Brancaccio only pleaded guilty to the substantive RICO racketeering charge and not the "broadly-framed racketeering conspiracy" charge – and thus the assault may not be considered by the Court in the context of Mr. Brancaccio's variance argument. The Government's argument has completely overlooked §1B1.3 of the Sentencing Guidelines, a key provision which requires the Court to consider as "relevant conduct" – with respect to offenses for which § 3D1.2(d) would require grouping of multiple counts – all acts of the defendant "that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3 (a)(2).

## I. RELEVANT CONDUCT

Contrary to the Government's argument, Mr. Brancaccio was not required to plead guilty to the "broader" conspiracy charge in order for his assault conviction to be considered by the Court because the 1993 assault is considered as relevant conduct to the RICO count of conviction in addition to the predicate acts of racketeering, namely the cocaine, marijuana trafficking, extortion and gambling activity – conduct for which he is personally accountable. While the Government is correct that Mr. Brancaccio's guilty plea encompassed only the four charged predicate Racketeering acts against him: Act Two (cocaine trafficking); Act Three

(marijuana trafficking); Act Nine (extortion conspiracy); and Act Five (sports betting), nothing in the Guidelines requires that the relevant conduct be charged as a predicate act in order to be considered in arriving at a guidelines sentence.

The Guidelines state that "[c]onduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range." *U.S.S.G* § 1B1.3, *Background*, at 31. The relevant conduct provisions in § 1B1.3 are to "be interpreted broadly" and relevant conduct may include even conduct not otherwise charged in the indictment. *United States v. Silkowski*, 32 F.3d 682, 688 (2d Cir. 1994). Mr. Brancaccio's prior assault conviction is relevant conduct so long as it is related to the predicate acts that the Government did charge. Uncharged predicate acts are not foreclosed from consideration as relevant conduct under the Guidelines, as the Second Circuit in dicta in *Thai* acknowledged by citing *Carrozza* with approval, a First Circuit case holding that relevant conduct to a RICO conviction was not limited to charged predicate acts. *U.S. v. Thai*, 29 F.3d 785, 820 (2d Cir. 1994) (citing *United States v. Carrozza*, 4 F.3d 79, 74-75 (1st Cir. 1993)). The defendant in *Leo* argued that his prior conviction for extortion conspiracy and gambling formed part of the instant RICO charge as relevant conduct and therefore should not count as part of his criminal history category. *United States. v. Leo*, 706 F.Supp. 2d 544, 545-46 (S.D.N.Y. 2010). Finding his prior conviction for conspiracy to extort constituted relevant conduct for purposes of determining the appropriate criminal history category, the *Leo* court concluded that "[t]he relevant conduct analysis is in no way constrained by the scope of a single indictment or by the government's decision to charge related conduct together or separately." *Id.* (citing *Witte v. United States*, 515 U.S. 389, 393 (1995)).

## II. SAME COURSE OF CONDUCT; COMMON SCHEME OR PLAN

In any event, whether charged as a predicate act or not, the 1993 assault counts as relevant conduct because (i) the multiple count rules apply under § 2E1.1[1] and (ii) under § 1B1.3, both charged and uncharged acts thus are included so long as they are part of the same course of conduct or common scheme or plan. *See, e.g., United States v. Dixon*, 262 Fed. Appx. 300, 301 (2d Cir. 2008) (previous homicide with common purpose to, and committed in conjunction with other members of, narcotics conspiracy to which defendant pled guilty was part of a common scheme or same course of conduct as instant offense and satisfied 1B1.3(a)(2) standard for relevant conduct). Thus, relevant conduct for the substantive racketeering charge to which Mr. Brancaccio pleaded guilty is not limited to the charged predicate acts of conviction but also includes all acts that are part of the same course of conduct as those acts that were charged.

Mr. Brancaccio's prior assault conviction has more than just a superficial relationship to the Gambino Family enterprise; it is inextricably related as relevant conduct to those substantive racketeering predicate acts to which Mr. Brancaccio pleaded guilty. The assault is relevant conduct as a common scheme because it forms a pattern of violence of the Gambino Family enterprise, and many of the same participants engaged in these same criminal activities: narcotics trafficking, assault, murder and extortion. There are common participants (Trucchio crew members as well as numerous co-defendants in the Indictment) and common elements (acts of violence, narcotics and extortion) throughout the entire period encompassing the charged RICO offense to which Mr. Brancaccio pleaded guilty, dating back to the late 1980's. The notion that a crime of violence like the 1993 assault is not related to the racketeering enterprise is completely unfounded. The assault most certainly relates to crimes of violence contained within

---

[1] § 2E1.1 is the applicable provision under the Sentencing Guidelines which governs RICO sentences, where the multiple count rules apply, and which instructs that "[w]here there is more than one underlying offense," the court should "treat each underlying offense as if contained in a separate count of conviction[.]" *See* App. Note 1.

1178995 v1
17626.00001                                                3

the RICO charge, *i.e.* extortion, because Mr. Brancaccio used violence to carry out the acts of extortion, as alleged in the Indictment. Likewise, his 1993 assault clearly contained an element of violence and was similar in kind to the extortion charged, which also was a crime of violence to accomplish, by threat, the object of the extortion, namely a financial return for the benefit of the Gambino Family enterprise.

Moreover, the Guidelines seek to align sentencing disparities by defining when to hold a defendant accountable for relevant conduct as it relates also to acts of his co-conspirators in a jointly undertaken criminal activity, pursuant to U.S.S.G. § 1B1.3 (a)(1)(B):

> "in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, *whether or not charged as a conspiracy*), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity,

*Id.* (emphasis supplied).

A jointly undertaken criminal activity is a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy. *See* §1B1.3, App. Note 2. Thus, the defendant is accountable not only for his own conduct but also for that of others so long as that conduct was reasonably foreseeable to him in connection with that criminal activity. Mr. Brancaccio's assault (and the other predicate racketeering acts to which he pleaded guilty) are all in furtherance of the jointly undertaken criminal activity, and for relevant conduct purposes, it is immaterial whether that act was charged as part of the substantive RICO count or as a conspiracy, as provided by § 1B1.3 (a)(1)(B) above.

Indeed, it is precisely because of the operation of this provision that the Government has been able to hold Mr. Brancaccio accountable for the substantially more serious narcotics trafficking activities of his co-conspirators in his stipulated plea agreement. Mr. Brancaccio's assault underlying the prior conviction is a predicate act of the RICO enterprise which stretches

all the way back to the 1980s, and it does not matter that it was not charged. Thus, the Government cannot attempt to hold him responsible for others' conduct in one breath and in the next, attempt to limit a sentencing variance consideration by denying him credit for this relevant conduct because it was not charged.

Mr. Brancaccio argument is somewhat unique in that he is asking that this Court consider his prior conviction as relevant conduct in order to receive "credit" for the time served on this state conviction, as opposed to the more typical case where a defendant seeks to exclude prior acts as relevant conduct. However, the analysis for including uncharged acts as relevant conduct under §1B1.3 nonetheless is the same. This assault, which is almost two decades old and impacts his current sentence due to the sweeping nature of the RICO charge, has had a significant consequence on Mr. Brancaccio's sentencing guidelines range. It has significantly boosted both his offense level and criminal history category because of his status as a career offender.

The Government claims that the time served for the 1993 assault should not be the basis for a sentencing reduction because Mr. Brancaccio has not proven enough of a factual record to show that the assault was related to the offense of conviction here, or even to the Gambino Family enterprise. We believe a hearing is not necessary because Mr. Brancaccio himself has conceded his role in this act of violence, as further substantiated by the Government's own tape recordings. However, if a hearing is ordered, it will only confirm Mr. Brancaccio's characterization of the assault and its connection to the Gambino Family enterprise. In any event, the point is that under 18 U.S.C. § 3553(a), downward variance is appropriate to remedy what is effectively "double counting" of his prior assault conviction given that he is not otherwise credited with having served 57 months' time on that conviction.

## III. UPDATE; CO-DEFENDANTS' SENTENCES

Lastly, Mr. Brancaccio writes to further update footnote 1 of his initial sentencing submission filed July 9, 2012, as supplemented July 24, 2012, to include the results of the most recent sentences of his co-defendants: Alphonse Trucchio was sentenced to 121 months on July 26, 2012; Salvatore Accardi was sentenced to 22 months on July 30, 2012; and Salvatore Tortorici was sentenced to 79 months on July 31, 2012.

## CONCLUSION

Mr. Brancaccio acknowledges that the four racketeering acts do not include the 1993 assault as a charged predicate act. But the Guidelines do not require that the assault be charged as a predicate act in order to be part of the same course of conduct or common scheme or plan and thus relevant conduct under §1B1.3. Accordingly, it is respectfully submitted that Mr. Brancaccio be credited for the 57 months' of time served as has been consistently argued in his sentencing submissions to date. The 57 months at issue are in addition to the 24 months of time served for Mr. Brancaccio's two narcotics convictions (in 2002 and 2005), which the Government has conceded in its previous submissions are related to the instant offense and thus should be credited towards a variance reduction. In sum, Mr. Brancaccio submits that he should be sentenced to 134 months at the bottom of the "as adjusted" range of 134-164 months' imprisonment.

Dated: August 29, 2012
      New York, New York

                      PRYOR CASHMAN LLP

                      By: _____/s/_____
                          Robert W. Ray
                          Madelon A. Gauthier
                          7 Times Square
                          New York, New York 10036-6569
                          (212) 421-4100

*Attorneys for Defendant John Brancaccio*