UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN BRANCACCIO, PRO SE,
    Petitioner,

vs.    CASE NO. 53-11:CR-12-RMB

UNITED STATES OF AMERICA,
    Respondent.

**MOTION SEEKING REDUCTION OF
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)
AND AMENDMENT 782 MEMORANDUM OF POINTS AND AUTHORITIES**

**COMES NOW** the Petitioner John Brancaccio, Pro Se, and hereby respectfully moves and urges this Honorable Court for a reduction in the sentence imposed in this case September 20, 2012. This motion is made pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10(d), and U.S.S.G. Amendment 782, for an order reducing his guideline range based on the 2014 retroactive amendments to the drug guidelines. Petitioner Brancaccio respectfully request that this motion be granted and that the Court impose a sentence at the bottom of the revised guidelines and is based upon the attached memorandum of points and authorities, all files and records in this case, and such further arguments and evidence as may be presented at any hearing on this motion.

Done this **1st** day of November, 2014.



Respectfully submitted,

JOHN BRANCACCIO
PRO SE
REG.NO. 04516-748
P.O. BOX 350    PINE A/L
F.C.I. BECKLEY
BEAVER, WV 25813

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

On September 20, 2012, Petitioner John Brancaccio was sentenced for Racketeering to serve one hundred sixty-five (165) months and three (3) years of supervised release. The sentence was imposed under the sentencing guidelines post-**Booker**, with a base offense level computed under § 2D1.1 of the guidelines.

Subsequent to Petitioner Brancaccio's sentencing - on November 1, 2014 - an amendment to § 2D1.1 of the guidelines took effect, which, generally, reduces base offense levels for the Drug Quantity Table and chemical quantity tables across drug and chemical types and, specifically, reduces the base offense level by two levels. This amendment was adopted in response to studies by the United States Sentencing Commission which raise grave doubts about the fairness and rationale for the statutory and guideline penalty structure for drug trafficking crimes. See generally United States Sentencing Commission, **Report to Congress: Analysis of the Impact of the 2014 Drug Guidelines Amendment If Made Retroactive** (May 2014) (hereinafter "2014 Sentencing Commission Report"). The Commission explained:

> Part I of this memorandum describes the statutory and guideline penalty structure for drug trafficking crimes. It also discusses the 2014 drug guidelines amendment and the statutory au-

3

thority and guidelines policy statement governing retroactive application of the amendments to the federal sentencing guidelines. Part II of the memorandum provides a data analysis of the likely impact of the possible permanent guidelines amendment if the Commission were to authorize the courts to the amendment retroactively. Part III of the memorandum describes how the analysis was performed.

Subsequent to the effective date of this amendment to § 2D1.1, the Sentencing Commission considered whether to make the amendment retroactive under the authority created by 18 U.S.C. § 3582(c)(2). Based on this retroactivity, the statutory authority underlying it, and the Supreme Court's decisions in **United States v. Booker**, 543 U.S. 220 (2005); **Rita v. United States**, 127 S.Ct. 2456 (2007); **Gall v. United States**, 128 S.Ct. 586 (2007); and **Kimbrough v. United States**, 128 S.Ct. 575 (2007).

II.

### 18 U.S.C. § 3582(c)(2) provides as follows:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant...the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are appli-

4

cable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10 is the guidelines policy statement which implements 18 U.S.C. § 3582(c)(2). Subsection (c) of that policy statement lists amendments that are covered by the policy statement. And one of the amendments which is listed is amendment 782 to the guidelines. That is the amendment which reduced the base offense level for Drug Quantity Table and chemical quantity tables across drug and chemical types. See U.S.S.G., App. C, § 782.

With all due respect, the Court should not stop there, however. At the time of Petitioner's original sentencing, the District Court was obligated to treat the guidelines as mandatory, under the controlling law at the time. Since then, the Supreme Court has held guidelines in their mandatory form are unconstitutional and - through severing 18 U.S.C. § 3553(b) - made them "effectively advisory." **Booker**, 543 U.S. at 220. **Booker** and subsequent Supreme Court cases clarifying it - namely, **Rita v. United States**, supra; **Gall v. United States**, supra; and **Kimbrough v. United States**, supra - have created a brave new world, in which the guidelines are but one of several factors to be considered under § 3553(a). What the Supreme Court has described as the "overarching provision" in § 3553(a) is the requirement that courts "impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." **Kimbrough**, 128 S.Ct. at 570.

5

**Booker** and its progeny apply to the imposition of a new sentence under 18 U.S.C. § 3582(c)(2), moreover. The Ninth Circuit considered this question in **United States v. Hicks**, 472 F.3d 1167 (9th Cir. 2007) and held, put most succinctly, that "**Booker** applies to § 3582(c)(2) proceedings." **Hicks**, 472 F.3d at 1169. As the court explained in more depth:

> **Booker** explicitly stated that, "as by now should be clear, [a] mandatory system is no longer an open choice." Although the Court acknowledged that Congress has intended to create a mandatory guideline system, **Booker** stressed that this was not an option: "[W]e repeat, given today's constitutional holding, [a mandatory Guideline regime] is not a choice that remains open...[W]e have concluded that today's holding is fundamentally inconsistent with the judge-based sentencing system that Congress enacted into law." The Court never qualified this statement, and never suggested, explicitly or implicitly, that the mandatory Guideline regime survived in any context.
>
> In fact, the Court emphasized that the guidelines could not be construed as mandatory in one context and advisory in another. When the government suggested, in **Booker**, that the Guidelines be considered advisory in certain, constitutionally-compelled cases, but mandatory in others, the Court quickly dismissed this notion, stating, "we do not see how it is possible to leave the Guidelines as binding in other cases...[W]e believe that Congress would

6

not have authorized a mandatory system in some cases and a non-mandatory system in other, given the administrative complexitities that such a system would create." In short, **Booker** expressly rejected the idea that the Guidelines might be advisory in certain contexts, but not in others, and Congress has done nothing to undermine this conclusion. Because the "mandatory system is no longer an open choice." district courts are necessarily endowed with the discretion to depart from the Guidelines when issuing new sentences under § 3582(c)(2).

As the Government itself acknowledged in **Kimbrough**, "the Guidelines 'are nor advisory' and..., as a general matter, 'courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines.'" **Kimbrough**, 128 S.Ct. at 570 (quoting Brief for United States 16).

Indeed, the Court suggested that policy disagreement in this area was even more defensible than in other areas. In noted that "in the ordinary case, the Commission's recommendation of sentence will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives, **Id**. at 574 (quoting **Rita**, 127 S.Ct. at 2465), and so "closer review may be in order when the sentencing judge varies from the Guidelines, based solely on the judge's view that the Guidelines range 'fails properly to reflect § 3553(a) considerations' even in a mine-run case." **Kimbrough**, 128 S.Ct. at 575.

7

III.

## Petitioner Should Receive the Benefit of Amendment 782,

Petitioner respectfully submits Amendment 782 should apply to sentencing reduction hearings under 18 U.S.C. § 3582(c)(2). In deciding to retroactively apply Amendment 782 to drug and chemical defendants, the Sentencing Commission considered the following factors, among others: (1) the purpose of the amendment, (2) the magnitude of the charge in the guideline range made by the amendment, and (3) the difficulty of applying the amendment retroactively. See § 1B1.10 comment.

### DETERMINATION OF REDUCTION IN TERM OF IMPRISONMENT

**In General.** In determining whether, and to what extent a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

**Application Notes:**

**Eligibility.** Eligibility for consideration under 18 U.S.C. § 3582

8

III. **Post-Sentencing Conduct.** The court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

IV.

## Institutional Conduct And
## Rehabilitative Undertakings While Incarcerated

Petitioner respectfully submits he is eligible for a two-level sentence reduction pursuant to the newly passed Amendment 782, it is now necessary to consider and acknowledge Petitioner's "post-sentencing conduct." See U.S.S.G. § 1B.10, cmt. (n(B)(ii)&(iii) and other § 3553(a) factors.

In addition, Petitioner has been a ward of the Bureau of Prisons since November 20, 2012. During this time frame, Petitioner has repudiated the negative and detrimental aspects of everyday prison life by enrolling and satisfactorily completing the below listed programs offered at F.C.I. Beckley.

1. English Proficient
2. Completed Ged or HS Diploma
3. Self-Study Job Search Skill
4. Real Estate
5. Paint
6. Parenting
7. Self-Study Prerelease Prep

In requesting the sentence reduction, Petitioner Brancaccio ask this Court to recognize the basic principles of law articulated in **Kimbrough v. United States**, 552 U.S. 85 (2007). Just like the other guidelines in the sentencing guideline manual, a court may **depart** from the guideline range calculated under the rules of this manual to take into account the disparity in the guidelines' treatment of drug offenses. Title 18 U.S.C. § 3582(c)(2) should be implemented.

Finally, there are two fairness principles of statutory construction to consider - one not so clearly established which is specific to the general saving statute and one which is very clearly established and more general. The first is the suggestion of some of the Supreme Court general saving statute cases, recognized in the First Circuit's opinion **United States v. Douglas**, 644 F.3d 39, 41 (1st Cir. 2011) that "some sense of the 'fair' result ... sometimes plays a role" in deciding whether to apply the statue. **Douglas**, 644 F.3d at 44(citing **United States v. Chambers**, 291 U.S. 217 (1934) and **Hamm v.City of Rock Hill**, 379 U.S. 306 (1964)). In **Chambers**, the Court dealt with prosecutions under the old National Prohibition Act, see id., 291 U.S. at 221, which Congress and the rest of the country had recognized, similar to the recognition about the old crack law, was a failed policy.

The second fairness principle of statutory construction to consider is the rule of lenity, which "embodies 'the instinctive distastes against men languishing in prison unless the lawmaker has clearly said they should," **United States v. Bass**, 404 U.S. 336, 348 (1971)(quoting Henry Friendly, Mr. Justice Frankfurther and the **Reading**

11

of Statutes, Benchmarks 196, 209 (1967)). The application of that rule to the question of whether the Fair Sentencing Act applies immediately to all sentence was also discussed in the First Circuit's **Douglas** opinion. While the issue before the court in **Douglas** was the retroactive application of the Fair Sentencing Act mandatory minimums in original sentencing proceedings, the reasoning applies equally to their application in § 3582(c)(2) sentence modification proceedings.

## CONCLUSION AND RELIEF SOUGHT

**WHEREFORE,** for the articulated reasons stated herein, Petitioner John Brancaccio respectfully moves and urges this Honorable Court **vacate** the previously imposed sentence of 165 months and resentence him consistent with the provisions as outlines in Amendment 782. Moreover, conduct an independent review, analysis and assessment of the instant case pursuant to sentencing factors promulgated in 18 U.S.C. § 3553(a) and **resentence** Petitioner to a term of **120** months, or less if deemed appropriate.

Done this **1st** day of November, 2014.

Respectfully submitted,

JOHN BRANCACCIO
PRO SE
REG.NO. 04516-748
P.O. BOX 350    PINE A/L
F.C.I. BECKLEY
BEAVER, WV 25813

## CERTIFICATE OF SERVICE

  I **HEREBY CERTIFY,** that a true and correct copy of the foregoing Motion has been mailed via first class pre-paid U.S. Mail this 7th day of November, 2014, to the following party: U.S. Attorney's Office, S.D. of New York, U.S. Courthouse Annex, One St. Andrew's Plaza, New York, NY 10007.

Respectfully submitted,

*/s/ John B.*
JOHN BRANCACCIO
PRO SE

13

Mr. John Brancaccio
Reg. No. 04516-748
P.O. Box 350 PAC
Federal Correctional Institution- Beckley
Beaver, WV 25813

04516-748
U S District Court
Clerk OF Courts
40 Centre ST
US Courthouse
NEW YORK, NY 10007
United States

LEGAL MAIL!