

U.S. Department of Justice

*United States Attorney
Southern District of New York*

*The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007*

March 19, 2015

**BY ECF**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States* **v.** *John Brancaccio*,
              11 CR 12-16 (RMB)

Dear Judge Berman:

      In response to a motion from the defense and to the Court's inquiry, the Government respectfully submits this letter to address the defendant's eligibility for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), in light of the recent amendments to the Sentencing Guidelines for most offenses involving controlled substances. As set forth more fully below, the defendant is not eligible for a sentence reduction because he received a below-Guidelines sentence at his original sentencing that is below the new, reduced Guidelines range.

      **A.**      **Background**

      On or about April 26, 2012, pursuant to a plea agreement, the defendant pleaded guilty to Count Two of the Superseding Indictment, which charged him with racketeering conspiracy in violation of 18 U.S.C. § 1962(c). Specifically, the defendant pleaded guilty to participating in the conduct and affairs of a racketeering enterprise—the Gambino Organized Crime Family of La Cosa Nostra—and to participating in narcotics trafficking, illegal gambling, and extortion, all in aid of the racketeering enterprise.

      In the plea agreement, the parties stipulated that the defendant's total Guidelines offense level (after a three-point reduction for acceptance of responsibility) was 32, and that the defendant was in criminal history category VI. Based upon an offense level of 32, and a criminal history category of VI, the parties stipulated that the Guidelines range was 210 to 240 months'

imprisonment.[1] The Presentence Report ("PSR") also calculated the offense level as 32 and the criminal history category as VI, yielding the same 210 to 240 months Guidelines range.

On September 20, 2012, the Court held a sentencing hearing. The Court adopted the Guidelines calculation contained in the PSR and the 210- to 240-month Guidelines range. The Court stated that it had specifically considered the defendant's prior criminal conduct and how it related to the charged conduct, the defendant's personal history, the seriousness of the offense, the need to promote respect for the law, and the need for deterrence. The Court explained that, based on all the sentencing factors, it was sentencing the defendant to a below-Guidelines sentence of 165 months' imprisonment.

On September 26, 2012, the defendant filed a *pro se* Notice of Appeal. His defense counsel filed a brief pursuant to *Anders* v. *California*, 386 U.S. 78 (1967), stating that there was no non-frivolous basis to challenge the defendant's conviction and sentence. On February 27, 2014, the Government filed an Affirmation moving to (a) dismiss the appeal based on the defendant's knowing and voluntary waiver of his appellate rights; and (b) in the alternative, for summary affirmance of the defendant's conviction and sentence because there were no non-frivolous issues for appeal. On May 16, 2013, the Second Circuit granted the Government's motion to dismiss and for summary affirmance of defendant's conviction.

On February 25, 2014, the defendant filed a *pro se* petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction. On September 22, 2014, the Government filed its response. On January 7, 2015, the defendant filed his reply. This petition is currently pending.

On November 19, 2014, the defendant filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). On February 4, 2015, the U.S. Probation Office filed a memorandum explaining that because the defendant "was sentenced to an imprisonment term that is less than the amended [Guidelines] range, he is ineligible for a [sentencing] reduction." On February 26, 2015, the Court requested that the Government respond to the defendant's motion for a reduction in sentence.

### B. Applicable Law

In its letter of December 22, 2014, the Government set forth the law governing the defendant's request for a reduction in sentence. For the Court's convenience, the Government will supply its analysis as part of this letter as well.

In its recent Amendment 782 to the Guidelines, which became effective November 1, 2014, the Commission lowered the penalties for most drug offenses by reducing most offense levels on Section 2D1.1's Drug Quantity Table by two levels. This amendment affects not only defendants sentenced under Section 2D1.1, but also any defendant sentenced under a guideline that used the Drug Quantity Table in a cross-reference. *See, e.g.,* U.S.S.G. § 2D1.5 (CCE);

---

[1] The actual Guidelines range was 210 to 262 months' imprisonment; because Count Two of the Superseding Indictment carried a statutory maximum of 240 months' imprisonment, the Guidelines range was capped at 240 months.

U.S.S.G. § 2S1.1(a) (money laundering). In Amendment 788, the Commission decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. Thus, many defendants – potentially the defendant in this case – have become eligible for a sentence reduction pursuant to the recent amendments.

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon* v. *United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826-27.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determining the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1) (alteration omitted)). If, for any of a number of reasons, the amendment – here, the amendment to Section 2D1.1's Drug Quantity Table – would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing (for example, where the defendant was sentenced as a career offender, or where the bottom of the range was established by a statutory mandatory minimum sentence), then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B). ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range.")

Similarly, as to the extent of any possible sentencing reduction, "Courts generally may not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" produced by the amendment. *Dillon*, 560 U.S. at 827 (internal quotation marks omitted). Although, at one time, there was ambiguity over whether a Court might reduce a defendant's sentence to something less than the minimum of the amended Guidelines range if the defendant had originally received a departure or variance below his original Guidelines range, the Commission has now made clear that even where a defendant originally received a below-Guidelines sentence, he nonetheless may not have his sentence reduced to one that is below the new, amended range; the sole exception being a defendant who previously received a departure based on substantial assistance. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("Except as provided in subdivision (B) [relating to substantial assistance], the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range[.]"; *United States* v. *Erskine*, 717 F.3d 131, 137-41 (2d Cir. 2013) (recognizing that current version of Section 1B1.10 prohibits reductions below the bottom of the amended range, irrespective of departures or variances granted at the original sentencing).

"At step two of the inquiry," if the defendant has been determined to be eligible, and the extent of his eligibility has been established, the Court must decide in light of the applicable

Section 3553(a) factors whether to grant a reduction "in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. This decision is committed to the Court's discretion. *See United States* v. *Mock*, 612 F.3d 133, 137 (2d Cir. 2010) ("If, and only if, a defendant is eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, then the second step of the analytical framework set forth in Dillon requires the district court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.") (internal quotation marks omitted).

Finally, solely with respect to sentence reduction motions based on Amendment 782 – the amendment at issue here – the Commission has imposed one more important limitation. Specifically, the Commission has directed that a "court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." *See* U.S.S.G. § 1B1.10(e)(1). Accordingly, any defendant whose existing sentence will result in his release prior to November 1, 2015 is not eligible for a sentence reduction, and the Court may not reduce any other defendant's sentence to such a degree that it would result in a release date earlier than November 1, 2015.

### C. Discussion

Applying the amended Guidelines, the defendant's total offense level is 30, which, with a criminal history category of VI, results in an amended Guidelines range of 168 to 210 months.[2] But the defendant's original sentence of 165 months was a below-Guidelines sentence at the time, and remains below even the amended Guidelines range. In such circumstances, U.S.S.G. § 1B1.10(b)(2)(A) and (B) provide that the defendant is ineligible for any reduction *unless* he was a Government cooperator who received his original below-Guidelines sentence pursuant to a substantial assistance motion by the Government:

> (A) <u>Limitation</u>—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
> (B) <u>Exception for Substantial Assistance</u>—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction

---

[2] The Probation Office has calculated the defendant's amended Guidelines range as 188 to 235 months. *See* Probation Office Memorandum (Feb. 4, 2015). Under either the Government's calculation or the Probation Office's, however, the defendant's initial sentence would fall below the bottom of the Guidelines range, thus rendering him ineligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2).

> comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

U.S.S.G. § 1B1.10(b)(2).

Here, the defendant was not sentenced pursuant to a government motion based on his provision of substantial assistance. Accordingly, he is ineligible for any further reduction under § 3582(c).

In addition, the Commission has directed that a "court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." *See* U.S.S.G. § 1B1.10(e)(1). Accordingly, any defendant whose existing sentence will result in his release prior to November 1, 2015 is not eligible for a sentence reduction, and the Court may not reduce any other defendant's sentence to such a degree that it would result in a release date earlier than November 1, 2015. The Government respectfully requests that the Court make any reduction effective no earlier than November 1, 2015 by using form AO 247 ("Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)"), which provides for this option, and/or by including the following language in any order granting a reduction:

> AND NOW, this _____ day of _____, 2015, upon consideration of the defendant's motion under 18 U.S.C. § 3582(c)(2) for a reduction of sentence pursuant to Amendment 782 to the Sentencing Guidelines, and taking into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), it is ORDERED that the defendant's sentence is reduced to a term of _____ months. All other terms of the judgment in this case shall remain unchanged. This order is effective on November 1, 2015. If the amount of time the defendant has served as of November 1, 2015, exceeds the reduced sentence stated in this Order, the sentence is instead reduced to a sentence of time served as of November 1, 2015.

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____/s/_____
James McDonald
Assistant United States Attorney
(212) 637-2405

cc:      John Brancaccio, the defendant
          U.S. Probation Officer Allyson L. Felix