UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Government,

-v-

JOHN BRANCACCIO,

                Defendant.
------------------------------------------------------------X

**DECISION & ORDER**

11 Cr. 12 (RMB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/15/16

## I. Background

On April 26, 2012, John Brancaccio ("Mr. Brancaccio" or "Defendant") pled guilty to racketeering in violation of 18 U.S.C. § 1962(c). On September 20, 2012, Mr. Brancaccio was sentenced to 165 months' imprisonment followed by a term of 3 years of supervised release. (Judgment and Commitment Order, dated September 20, 2012, at 2, 3.) At the time of his sentencing, Defendant's total offense level was 32 and his criminal history category was VI, which resulted in a United States Sentencing Guidelines ("Guidelines") range of imprisonment of 210 to 240 months[1].

On appeal, the Second Circuit affirmed Defendant's conviction and dismissed Defendant's appeal of his sentence. (See Mandate [#690] issued May 16, 2013 at 2.)

On or about February 25, 2014, Defendant filed a petition pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside or correct his sentence. By Decision and Order dated July 2, 2015, the petition was denied. (See Decision and Order [# 28] issued July 2, 2015 in 14 Civ. 1538.)

---

[1] The Guidelines range for offense level 32; criminal history category VI is actually imprisonment for 210-262 months. Here, the offense of conviction had a 20 year (240 month) statutory maximum term of imprisonment.

1

On November 1, 2014, Mr. Brancaccio, proceeding pro se, filed a motion for a sentence reduction ("Defendant's Motion") under 18 U.S.C. § 3582(c)(2), arguing that he is eligible for a "two level sentence reduction pursuant to the newly passed Amendment 782." (Defendant's Motion at 10.) Defendant asks the Court to "conduct an independent review, analysis and assessment of the instant case pursuant to sentencing factors promulgated in 18 U.S.C. § 3553(a) and resentence Petitioner to a term of 120 months, or less if deemed appropriate." (Defendant's Motion at 12.)

On February 4, 2015, the United States Probation Office submitted a memorandum which states that Defendant is ineligible for a sentence reduction because "he was sentenced to an imprisonment term that is less than the amended range." (Probation Memo at 1.)

On March 19, 2015, the Government submitted a letter opposing Defendant's Motion stating that "the defendant is not eligible for a sentence reduction because he received a below-Guidelines sentence at his original sentencing that is below the new, reduced Guidelines range." (Government Opposition at 1.)

On September 9, 2016, Jennifer Brown, Esq., of the Federal Defenders Office, submitted a letter stating: "I write to inform the Court that I have nothing to add to [Mr. Brancaccio's] *pro se* motion."

**For the reasons set forth below, Defendant's motion is respectfully denied.**

## II. Legal Standard

Dillon v. United States "set forth a two-step inquiry for determining when a district court may reduce a sentence under 18 U.S.C. § 3582(c)." United States v. Williams, No. 98 Cr. 834, 2013 WL 3778808, at *2 (S.D.N.Y. July 19, 2013) (citing Dillon v. United States, 560 U.S. 817 (2010)). First, a court must "determine the prisoner's eligibility for a sentence modification and

the extent of the reduction authorized." Dillon, 560 U.S. at 827. The Court is required to determine "'the amended guideline range that would have been applicable to the defendants' had the relevant amendment been in effect at the time of initial sentencing." Dillon, 560 U.S. at 827 (quoting U.S.S.G. § 1B1.10(b)(1)).

Second, if the first step of the Dillon inquiry is satisfied, the Court "consider[s] any applicable [18 U.S.C.] § 3553(a) factors and determine[s] whether . . . the reduction authorized . . . at step one is warranted in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. at 827.

### III. Analysis

At the original sentencing, as noted, the Court found that Defendant's offense level was 32 and his criminal history category was VI, resulting in a Guidelines range of 210 to 240 months. (See Transcript ("Tr."), dated September 20, 2012 at 3, 42.) Pursuant to the amended Guidelines, i.e., assuming a two level offense reduction, Defendant's total offense level is 30, and his criminal history category remains VI. This results in an amended Guidelines range of 168 to 210 months. See U.S.S.G. § 5A.

Because Defendant's original below-Guidelines sentence of 165 months is also below the amended Guidelines range of 168 to 210 months, Defendant is not eligible for a sentence reduction. Pursuant to the Sentencing Commission's policy statement, a defendant is ineligible for a reduction that would "reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A); see also United States v. Salinas-Doria, 114 F. Supp. 3d 142, 144 (S.D.N.Y. 2015) (holding that a Court may not adjust a sentence to below the amended Guidelines "in the absence of a sentencing departure based on substantial assistance"). The Second Circuit has held that the Sentencing Commission's

3

policy statement is "valid and binding on district courts." United States v. Erskine, 717 F.3d 131, 135 (2d Cir. 2013).

Defendant does not argue for, nor does he qualify for, a reduction under U.S.S.G. § 1B1.10(b)(2)(B), because he did not receive his sentence as a result of rendering substantial assistance. See U.S.S.G. § 1B1.10(b)(2)(B); see also Salinas-Doria, 114 F. Supp. 3d at 144.

## IV. Conclusion & Order

For the reasons stated above, the Court denies Defendant's Motion [# 752]. The Clerk of the Court is respectfully requested to close this case.

This Decision & Order is without prejudice to subsequent claims Mr. Brancaccio may be entitled to make based upon future decisions of the Federal appellate courts should they apply to him.

Dated: New York, New York
September 15, 2016

_RMB_
**RICHARD M. BERMAN, U.S.D.J.**